UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIO PAREDES QUINTERO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RCO REFORESTING, INC., and ROBERT C. OCHOA,<br><br>Defendants. | No. 2:23-cv-1127-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on Plaintiffs' Motion for Default Judgment. ECF No. 21. The Motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19), and was heard by video on September 12, 2024, at 12:00 p.m. ECF No. 24. Plaintiffs appeared through counsel, and Defendants did not appear. *Id.* For the reasons set forth below, the Court recommends Plaintiffs' Motion be GRANTED, and judgment be entered in favor of Plaintiffs.

## I.   Relevant Background

Plaintiffs Candelario Paredes Quintero and Pedro Paredes Aguilar brought their Complaint on June 13, 2023 alleging that Defendants had violated both federal and state wage and hour laws—the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and various provisions of the California Labor Code ("Labor Code"). ECF No. 1 at 1-2. Plaintiffs allege that they regularly worked in excess of 40 hours per week without receiving the overtime

compensation required by state and federal law. *Id.* at 3. Plaintiff Quintero alleges that he worked at least 48 hours per week, and Plaintiff Aguilar worked at least 56 hours per week. *Id.* Both Plaintiffs claim they worked more than 40 hours per week during every week at issue in the Complaint. *Id.* Plaintiffs further allege that Defendants regular practice was not to allow for paid rest breaks. *Id.*

The Court issued a summons as to both Defendants on June 13, 2023. ECF No. 4. The record reflects that both Defendant RCO and Defendant Mr. Ochoa were served on June 16, 2023. ECF No. 6 & 7. Defendants did not appear, and Plaintiffs requested entry of default on August 10, 2023. ECF No. 8. The clerk entered default on August 18, 2023. ECF No. 9. Plaintiffs then sought leave to conduct discovery as to damages and identify potential members for the class and/or collective action claims. ECF No. 10. The motion for discovery was granted. ECF No. 17. Plaintiffs' counsel represents that after discovery, Plaintiffs decided not to pursue class and/or collective action claims and that he made no contact with other potential class and/or collective action members.

Plaintiffs then moved for default judgment on May 31, 2024. ECF No. 21. Defendants did not respond to the motion for default judgment, and still have not appeared in this case.

## II.     Motion

Plaintiffs ask the court to enter judgment as follows:

1) In favor of Candelario Paredes Quintero and against Defendants RCO Reforesting, Inc. and Roberto C Ochoa, jointly and severally, in the amount of $29,840.00;

2) In favor of Pedro Paredes Aguilar and against Defendants RCO Reforesting, Inc., and Roberto C Ochoa, jointly and severally, in the amount of $35,153.50[1];

3) In favor of Candelario Paredes Quintero and Pedro Paredes Aguilar and against Defendants RCO Reforesting, Inc., and Roberto C Ochoa, jointly and severally, in the amount of $5,740.00, representing attorney's fees and costs; and

---

[1] The affidavit of Pedro Paredes Aguilar seeks entry of Judgment in the amount of $31,153.50, but that appears to be a scrivener's error as the total of the itemization provided is $35,153.50. *See* ECF No. 21 at 14-15.

2

    4)  For any such other relief as the Court deems just or proper.

ECF No. 21 at 5.  Defendants have not appeared or filed any response.

### III.  Analysis

#### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1)    the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  *Id.* at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (citation and quotation marks omitted); *Abney v. Alameida*, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes*, 559 F.2d at 560; *cf. Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Rule 37 that the default conclusively established the liability of the defaulting party).

### B. The Eitel Factors

<u>Factor One: Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor considers whether a plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Here, Plaintiffs would suffer prejudice if the court did not enter a default judgment because they would be without recourse for recovery. Accordingly, the first *Eitel* factor favors the entry of default judgment.

<u>Factors Two and Three: Merits of Claims and Sufficiency of Complaint</u>

The merits of Plaintiffs' substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiffs bring five counts alleging that Defendants: 1) failed to pay overtime as required by FLSA; 2) failed to pay overtime as required by the Labor Code § 1194; 3) failed to authorize or permit paid rest periods as required by the Labor Code §§ 226.2 and 226.7; 4) failed to issue accurate itemized wage statements under Labor Code §§ 226(a) & (e) and 226.2; and 5) willfully failed to pay Plaintiffs their wages due after the termination of Plaintiff's employment and thus waiting time penalties are owed under Labor Code § 203. ECF No. 1 at 7-14.

Plaintiffs allege that they were non-exempt employees who worked overtime during every week of the relevant period and were not paid an additional amount for overtime. ECF No. 1 at

¶¶ 19-20.  Plaintiffs allege they were not allowed rest breaks, or paid for rest breaks.  *Id*. at ¶¶ 21-26.  Plaintiffs allege that Defendants did not issue accurate wage statements.  *Id*. at ¶ 27.  Plaintiffs also allege that Defendants willfully failed to pay Plaintiffs their wages due after Plaintiffs' employment with Defendants terminated.  *Id.* at ¶ 97.  Plaintiffs allege they "repeatedly demanded" such payment "verbally and in writing" but that Defendants "willfully and intentionally" refused to pay.  *Id*. at ¶ 99.

The Court finds that the Complaint states a claim for wage and hour violations under FLSA and the Labor Code upon which Plaintiffs may recover.  Thus, factors two and three weigh in favor of entry of default.

### Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct.  The total amount of damages sought by the two Plaintiffs totals approximately $70,000.  The amount is largely to compensate for unpaid wages for overtime and rest periods, and includes statutory damages and penalties.  The amount at issue is proportionate to the seriousness of Defendants' conduct and this factor favors entry of default judgment.

### Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiffs have provided the court with well-pleaded allegations supporting their claims and affidavits in support of their claim to damages.  Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc*., 219 F.R.D. at 500; *PepsiCo, Inc*., 238 F.Supp.2d at 1177.

### Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the

result of excusable neglect. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Plaintiffs served the Defendants with the summons and complaint. ECF Nos. 6 and 7. Moreover, Plaintiffs served Defendants by mail with notice of its application for default judgment. ECF No. 21-1. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendants failed to defend. Thus, the record supports a conclusion that Defendants have chosen not to defend this action, and that the default was not the result of excusable neglect. Accordingly, this *Eitel* factor favors the entry of a default judgment.

Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the Court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

**C. Propriety of Default Judgment**

Upon consideration of all the *Eitel* factors, the Court concludes that Plaintiffs are entitled to the entry of default judgment against Defendants. What remains is the determination of the amount of damages to which Plaintiffs are entitled. Plaintiff Candelario Paredes Quintero submitted an affidavit in support of damages. ECF No. 21 at 6-11. The affidavit avers that Quintero was not paid time and a half for hours in excess of 40 per week, and that he was required to work throughout the day without any rest or break. *Id.* at 7. Quintero seeks damages for unpaid overtime and rest period violations and statutory liquidated damages and penalties. *Id.* at 8-9. Plaintiff Aguilar also submitted an affidavit in support of damages and seeks a similar award. ECF No. 21 at 12-18. Both Plaintiffs provided, as exhibits to their affidavits, charts showing the weeks and hours per week for which they were not properly compensated. ECF No. 21 at 10, 16-17.

The damages sought by Plaintiffs are allowed by statute. Under the FLSA, § 216(b), an employer who violates the relevant provisions of the statute is liable for unpaid overtime compensation and "an additional equal amount as liquidated damages." FLSA also provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." § 216(b). Additionally, Plaintiffs' Complaint relies on the Labor Code and cites to §§ 203, 226, 226.2, 226.7, and 1194. These provisions provide for the damages Plaintiffs seek. Section 203 provides a penalty for untimely payment; §226(e)(1) provides a penalty for failure to provide itemized statements; § 226. 2 requires compensation for rest periods; and § 1194 allows an employee to recover unpaid overtime compensation and attorney's fees and costs.

Plaintiffs' Motion for Default Judgment also seeks an award of attorney's fees and costs. ECF No. 21 at 19-21. An award of attorney's fees must be reasonable. *See Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) ("the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate"). In this regard, Local Rule 293 requires a party seeking an award of attorney's fees to submit an affidavit addressing certain criteria that the court will consider in determining whether an award of attorney's fees is appropriate.

Plaintiffs submitted an affidavit indicating attorney's fees in the amount of $4,900 and costs in the amount of $840. ECF No. 21 at 21. Counsel's billing rate of $400 per hour is an acceptable billing rate for the Sacramento region. *See Goodson v. County of Plumas*, 2024 WL 99847 at *3 (E.D. Cal. January 9, 2024) (surveying cases and stating that fees awarded in civil cases involving some complexity in this District "commonly are greater than $500 per hour, and in some cases $600 per hour, for reputable attorneys with a great deal of relevant experience and $300 or less for attorneys with less than ten years' experience, depending on the type of litigation."). The Court has reviewed the billing records submitted and finds the total of 12.25 hours to be reasonable. Thus, the Court finds that the costs and fees are reasonable in light of the complexity of this type of litigation, and that counsel has over fifteen years of practice experience. An award of the reasonable requested attorney's fees and costs is appropriate.

### IV. Conclusion

It is RECOMMENDED THAT:

1. Plaintiffs' May 31, 2024 motion for default judgment (ECF No. 21) be granted;

2. The Court enter judgment against the Defendants on Plaintiffs' claims of violation of the wage and hour provisions of the FLSA and California Labor Code;

3. The Court award damages in the following amount: 1) in favor of Candelario Paredes Quintero and against Defendants RCO Reforesting, Inc. and Roberto C Ochoa, jointly and severally, in the amount of **$29,840.00**; 2) in favor of Pedro Paredes Aguilar and against Defendants RCO Reforesting, Inc., and Roberto C Ochoa, jointly and severally, in the amount of **$35,153.50**; and 3) in favor of Candelario Paredes Quintero and Pedro Paredes Aguilar and against Defendants RCO Reforesting, Inc., and Roberto C Ochoa, jointly and severally, in the amount of $**5,740.00**, representing attorney's fees and costs; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. *Id.*; *see also* Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE